UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNEL KUMAR HULIKERE SHIVAPRAKASH<br>15 Ann Street, floor-2,<br>Harrison, New Jersey 07029<br><br>Plaintiffs,<br>vs.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States government, 20 Massachusetts Avenue, NW Washington, DC 20529 | Case No.<br><br>COMPLAINT FOR JUDICIAL REVIEW UNDER THE APA AND DECLARATORY JUDGMENT |

## DESCRIPTION OF ACTION

1. This is an action by the plaintiff, Sunel Kumar Hulikere Shivaprakash, A089048775, against the defendant, United States Citizenship and Immigration Services (USCIS), to hold unlawful and set aside the USCIS' decision of January 4, 2017 purporting to invalidate Orionsoft, Inc.'s labor certification upon Mr. Hulikere Shivaprakash's behalf and to declare the priority date of Orionsoft's (now revoked) Form I-140, Petition for Immigrant Worker, in File No. LIN0617351496, to have transferred on January 4, 2017 to the approved Form I-140, Petition for Immigrant Worker, File No. LIN1690650454, filed by AIG PC GLOBAL SERVICES INC (AIG) upon his behalf.

## JURISDICTION

3. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, both laws of

1

the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## STANDING

4. As the D.C. Circuit Court of Appeals said in finding that the beneficiary of a labor certification filed by a potential employer had standing to seek judicial review under the Administrative Procedure Act (APA) of its denial, even though the prospective employer was not a party to the action:

> neither the statute's text, structure, nor legislative history supplies the requisite "clear and convincing evidence" of a preclusive purpose. *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967); *see also Shook v. District of Columbia Fin. Responsibility & Management Assistance Auth.*, 328 U.S. App. D.C. 74, 132 F.3d 775, 778-79 (D.C. Cir. 1998). Unlike in *Block v. Community Nutrition Inst.*, 467 U.S. 340, 348, 81 L. Ed. 2d 270, 104 S. Ct. 2450 (1984), for example, where the statute itself set forth a regulatory regime that omitted mention of certain parties, giving rise to an inference that those parties were precluded from litigating in court, *see Block*, 467 U.S. at 349, there is no indication here that Congress itself considered the mechanism by which the Secretary of Labor would make labor certification decisions, or how (and at the request of whom) such decisions would be reviewable in the federal courts. And while the legislative history indicates that Congress intended to restrict further the admission of alien workers when it amended the statute in 1965, *see* S. REP. No. 748, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S. CODE CONG. & ADMIN. NEWS 3328, 3333, that does not speak to the question whether the class of aliens deserving of admission under the statute have standing to challenge in court the Secretary's decision to the contrary. The regulatory regime is completely a creation of the Labor Department's regulations, and under the Administrative Procedure Act, it is only statutes, not agency regulations, that can preclude otherwise available judicial review. *See* 5 U.S.C. § 701(a)(1); *Gladysz*, 595 F. Supp. at 53-54. In light of the presumption of judicial review, *see McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), we cannot conclude (despite our suspicions) that Congress intended to preclude the alien from challenging labor certification denials without the alien's employer. *See Block*, 467 U.S. at 351 (holding that, where substantial doubt about congressional intent exists, the general presumption favoring judicial review is controlling).
>
> *Ramirez v. Reich*, 156 F.3d 1273, 1276 (1998)

5. Here likewise, neither the INA's text, structure nor legislative history supplies the requisite "clear and convincing purpose" of an intent to preclude Sunel Hulikere Shivaprakash from bringing this action to hold unlawful and set aside the USCIS' decision of January 4, 2017, purporting to invalidate Orionsoft, Inc.'s labor certification

upon Mr. Hulikere Shivaprakash's behalf and to declare the priority date of Orionsoft's (now revoked) Form I-140, Petition for Immigrant Worker, in File No. LIN0617351496, to have been transferred to the approved Form I-140, Petition for Immigrant Worker, File No. LIN-16-906-50454, filed by AIG upon his behalf.

6. Therefore Mr. Hulikerere Shivaprakash has standing to bring this action.

## DESCRIPTION OF PARTIES

7. The plaintiff, Sunel Kumar Hulikere Shivaprakash, is a citizen of India, residing in New Jersey.

8. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States residing in the District of Columbia, which purports to have the authority to invalidate labor certifications approved by the Department of Labor for the reasons set forth in 20 C.F.R. § 656.30(d). It also has the authority to transfer priority dates between petitions filed for the same person in employment based preferences one through three. 8 C.F.R. § 204.5(e).

## STATEMENT OF PERTINENT FACTS

9. Sunel Kumar Hulikere Shivaprakash has been present in the United States as an H-1B nonimmigrant pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B) on August 9, 2004, as an employee of Vision Systems Group, Inc., a computer consulting company.

10. On May 23, 2006, another computer consulting company, Orionsoft, Inc., filed a Form I-140 upon Mr. Hulikere Shivaprakash's behalf to classify him as a member of the professions holding an advanced degree, or a second preference employment based immigrant, based upon an offer of full time, permanent

employment as a Programmer Analyst.

11. The purpose of this petition was to qualify Mr. Hulikere Shivaprakash to become an alien lawfully admitted to the United States for permanent residence under 8 U.S.C. § 1153(b)(2)(A). Upon approval of this petition, Mr. Hulikere Shivaprakash received a place in line among foreign workers seeking to immigrate to the United States in this classification, determined by the date upon which the application for alien labor certification supporting this petition was filed with the U.S. Department of Labor, that is, his "priority date", in this case, May 26, 2004.

12. When the "visa cutoff date" (published each month in the Department of State's Visa Bulletin) applicable to this classification and the country of chargeability (in Mr. Hulikere Shivaprakash's case, India) of a beneficiary of such an approved petition becomes later than the applicable priority date, then the beneficiary is, with certain exceptions not relevant here, eligible to apply to the USCIS to adjust his U.S. immigration status to that of alien lawfully admitted to the United States for permanent residence.

13. This petition was approved on February 23, 2007, and, subsequently, on July 19, 2007, Mr. Hulikere Shivaprakash filed an application for adjustment of status with the USCIS, supported by this approved petition.

14. Following the filing of Mr. Hulikere Shivaprakash's application for adjustment of status, the visa cutoff date for second preference employment-based immigrants of Indian chargeability retrogressed to a date earlier than his priority date, causing Mr. Hulikere Shivaprakash to cease to be eligible to adjust his

4

immigration status to permanent resident at that time.

15. However, pursuant to the Board of Immigration Appeals' decision in *Matter of Torres*, 19 I&N Dec. 371 n.3 (BIA 1986), Mr. Hulikere Shivaprakash's application for adjustment of status was not denied, but, rather, was placed in abeyance pending the applicable visa cutoff date once more becoming later than his priority date.

16. There matters remained until June 8, 2012, when, without providing any notice to Mr. Hulikere Shivaprakash or his counsel, the director of the Nebraska Service Center mailed to Orionsoft a notice of intent to revoke its I-140 upon Mr. Hulikere Shivaprakash's behalf on the grounds that:

> It has come to the attention of USCIS, according to publicly available sources, that a federal fraud case against an information technology firm based in New Jersey has concluded, whereby the two principals that managed the company pleaded guilty to a felony charge.
>
> Viswa Mohan Mandalapu and Chandra Mohan Rao Mandalapu, owners of companies collectively known as Vision Systems Group, pleaded guilty in the U.S. District Court for the Southern District of Iowa and filed October 14, 2010.
>
> The U.S. District Court plea agreement included stipulations that the principals and Vision Systems Group "voluntarily and intentionally devised a scheme to defraud the United States out of money or property by means of material false representations or promises, the Defendant did so with the intent to defraud, and the Defendant used or caused to be used the mail in furtherance of, or in an attempt to carry out some essential step in the scheme." The finding of the investigation by the U.S. Department of Homeland Security is that all petitions filed by Vision Systems Group, including Orionsoft,, Inc. are considered fraudulent. All of the instant petitioner's human resource and payroll systems were controlled by Viswa Mohan Mandalapu and Chandra Mohan Rao Mandalapu through Vision Systems Group. The beneficiary claims on the Form ETA-750 to have worked at Vision Systems Group, Inc. in South Plainfield, New Jersey from July 2003 through the date of signing of the form by the beneficiary on May

> 19, 2006. The beneficiary also claims on Form G-325A, Biographic Information to have worked for Vision Systems Group, Inc. from November 2003 through the time of the beneficiary's signing of the form on June 15, 2007 and again on a second Form G-325A from November 2003 through the date of signing of the form on October 5, 2009. As per USCIS investigation, Vision Systems Group, Inc. was a virtual office, and no workers ever worked in New Jersey or were intended to work in New Jersey.
>
> Doubt cast on any aspect of the petitioner's proof may, of course, lead to a reevaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition. *Matter of Ho,* 19 I&N Dec. 582, 591 (BIA 1988).
>
> USCIS finds that misrepresentation, both willful and material, occurred with the scheme to defraud the United States by means of material false representation or promises, intent to defraud, and use of United States mail in furtherance of or in an attempt to carry out some essential step in the scheme. The offer of employment does not appear to be bona fide.
>
> Consequently, the USCIS finds that the labor certification submitted was gained through fraud or willful misrepresentation of a material fact. The regulation at 20 CFR § 656.30(d) provides that [USCIS], the Department of State or a court may invalidate a labor certification upon a determination of fraud or willful misrepresentation of a material fact involving the application for labor certification. In light of the above, it appears that the instant petition should be revoked and the labor certification should be invalidated. A13-14.

17. The director gave Orionsoft 30 days to respond to his charges. When it failed to do so, the director invalidated Orionsoft's approved labor certification upon Mr. Hulikere Shivaprakash's behalf, and, on the basis of that invalidation, revoked the approval of Orionsoft's I-140 petition upon Mr. Hulikere Shivaprakash's behalf, all without providing any notice to Mr. Hulikere Shivaprakash of its actions, nor providing him with an opportunity to respond.

18. The director thereafter denied Mr. Hulikere Shivaprakash's application

for adjustment of status, again without any prior notice to him, solely on the grounds that it was no longer supported by a valid petition for immigrant worker. The denial offered no details regarding the revocation of Orionsoft's I-140, other than it was revoked for cause.

19. Mr. Hulikere Shivaprakash in fact did not learn of the basis for the revocation of Orionsoft Inc.'s I-140 upon his behalf until his attorney received a response to a Freedom of Information Act request for all USCIS documents pertaining to him dated January 7, 2014. A19-20.

20. On May 3, 2014, Mr. Hulikere Shivaprakash commenced an action against the USCIS in the U.S. District Court for New Jersey, Case No. 2:14-cv-03164, asking the court to hold unlawful and set aside the USCIS' decision revoking Orionsoft's I-140 upon his behalf.

21. Thereafter, the parties to that lawsuit entered into an agreement whereby they would file with the court a Joint Stipulation whereby the case would be dismissed and the USCIS would vacate its revocation of Orionsoft's I-140.

22. Such a stipulation was in fact entered with the court and said action was dismissed thereto on May 24, 2016.

23. The parties further agreed that should the USCIS again seek to revoke Orionsoft's I-140, that Mr. Hulikere Shivaprakash would have standing to contest that revocation.

24. On April 27, 2016 USCIS issued a new Notice of Intent to Revoke (NOIR) Orionsoft's I-140 upon Mr. Hulikere's behalf.

7

25. The purported factual basis for the NOIR was that a government investigator went to Orionsoft's location at 1333 Meadowlark Lane, Suite #207, Kansas City, KS 66102 on several days beginning on December 12, 2007, but saw no activity there. He did however notice that "(a) sign on a window of the premises indicated Developmental Center has relocated to 1001 Durham Avenue, Suite 306, South Plainfield, New Jersey 07080 ."

26. From this the NOIR concluded that Orionsoft never had an office at that location, and that Shannon M. Schiavo, the Orionsoft official who signed the application for labor certification Orionsoft filed upon Mr. Hulikere Shivaprakash's behalf, lied when she stated under penalty of perjury on May 18, 2004, more than 3 ½ years prior to the investigation, that the company had an office at that location.

27. Accordingly, the NOIR indicated that the USCIS intended to invalidate Orionsoft's labor certification upon behalf of Mr. Hulikere Shivaprakash for the following reasons:

First Intended Ground for Invalidation of Labor Certification

The petitioner represented in Form ETA 750A that the "[p]etitioner has conducted an intensive recruitment campaign in the area of intended employment including ... print advertisements in The Kansas City Star." The regulation at 20 CFR § 656.30(e)02) provides that "[a] permanent labor certification involving a specific job offer is valid only for ... the area of intended employment stated on the Application for Alien Employment Certification (Form ETA 750)..."

Because the investigation conducted by the DOL determined that the petitioner was not operating its business at 1333 Meadowlark Lane, Suite #207, Kansas City, KS 66102, USCIS concludes that the "information submitted as an offer of employment." in Item 6 of Form ETA 750A, was not true and correct. and that the DOL would not have certified the Form ETA 750A had it known the offer of employment therein was not true and correct. *See generally Edelweiss Manufacturing Company, Inc..,* 1987-INA-562 (BALCA, Mar. 15,1989) (en banc)(upholding Certifying Officer inquiry into underlying employer facts in assessing whether a bona fide job offer existed).

USCIS intends to invalidate the labor certification (ETA Case Number D-05077-53304) for fraud or willful misrepresentation based on this ground.

Second Intended Ground for Invalidation of Labor Certification

To qualify as an employer at the time the petitioner filed the Form ETA 750A on May 26, 2004, the petitioner had to have "a location within the United States to which U.S. workers may be referred for employment." *See* definition of "employer" at former 20 CFR § 656.50 (presently at 20 CFR § 656.3).

> Because the investigation conducted by the DOL determined that the petitioner was not conducting business operations at 1333 Meadowlark Lane, Suite 207, Kansas City, KS 66102, USCIS concludes that, with respect to the offer of employment represented by the petitioner in ETA Case Number D-05077-53304, the petitioner, more likely than not, did not qualify as an "employer" as defined at former 20 CFR § 656.50. USCIS further concludes that the DOL would not have certified the Form ETA 750A had it known that the petitioner did not operate its business at that address as represented. *See Matter of Artdesign, Inc.* (BALCA, Dec. 5, 1989)(explaining that "[t]he requirement that an 'Employer[]' provide a location to which U.S. workers can be 'referred for employment' insures that a full-time position of employment does, in fact, exist and that potential U.S. employees will be informed of and encouraged by the prospect of such employment when referred to the employer...").
>
> USCIS intends to invalidate the labor certification (ETA Case Number D-05077-53304) for fraud or willful misrepresentation based on this additional ground.

28. Accordingly, because the USCIS intended to invalidate Orionsoft's labor certification upon behalf of Mr. Hulikere Shivaprakash it also intended to revoke the approval of Orionsoft's Form I-140 upon Mr. Hulikere's behalf for lack of a valid labor certification.

29. The NOIR also asserted a second ground for revocation of the I-140:

> The record establishes that, more likely than not, the petitioner did not maintain a location to which employees could be referred for employment at 1333 Meadowlark Lane, Suite 207, Kansas City, KS 66102, as represented on the Form ETA 750A certified by the DOL on March 23, 2006. Therefore it appears more likely than not that the certified Form ETA 750A was not valid at the time the Form I-140 was adjudicated.
>
> Accordingly, the petition should not have been approved. Matter of Sunoco Energy Development Company, 17 I&N Dec. 283, 284 (Reg. Comm. 1979)("[t]he validity of a labor certification is limited to the particular job described in the job offer portion of the labor certification"); Matter of United Investment Group, 19 I&N Dec. 248, 249 (Comm. 1984)("[t]he issue in this proceeding in the context of the labor certification is whether the particular job opportunity remains as certified.17 I&N Dec. 283, 284 (Reg. Comm. 1979)("[t]he validity of a labor certification is limited to the particular job described in the job offer portion of the labor certification"); Matter of United Investment Group, 19 I&N Dec. 248, 249 (Comm. 1984)("[t]he issue in this proceeding in the context of the labor certification is whether the particular job opportunity remains as certified. If it does not, then the validity of the certification is considered to have expired. To remain as certified, the facts of employment or intended employment must remain as stated and the specific employer-employee relationship stipulated and intended must continue both in present fact and prospectively. A review of this fact centers on the circumstances of the petitioner and on its intent. Analysis of the issue in a certain matter extends beyond the circumstances at the time of filing to those present at the time of adjudication, and in fact, through the mechanisms provided in section 205 of the Act ... beyond even that point").
>
> USCIS intends to revoke approval of the petition on this additional ground pursuant to 8 CFR § 205.2.

30. In response, Mr. Hulikere Shivaprakash submitted to USCIS a "Supplemental Case Report" prepared by Marty Bugbee, a private investigator retained by the beneficiary, who spoke with Amir Minoofar, the owner of the building at 1333 Meadowlark Lane, Kansas City, KS 66102 for a number of years in the decade beginning in 2000 and into 2007.

9

31. Mr. Minnofar reported to Mr. Bugbee that "a company by the name of Orionsoft, Inc. occupied suite 207 in the year 2007. He verified that it was a functional company with employees and daily operations."

32. The response also showed that the beneficiary's counsel likewise spoke with Mr. Minoofar who further confirmed that the office was nearly 1000 square feet and contained space for one or more employees to work.

33. Finally, the response included a copy of an email from Mr. Minoofar to Mr. Hulikere Shivaprakash's counsel stating that he spoke to the current owner of the building who told him "that Orionsoft was his Tenant on 2008 and they left several old computer and abundant (sic) the office and defaulted the Lease."

34. Based upon these facts, and those already in the record, the response asserted the following reasons why the labor certification was not properly invalidated:

a. The government investigator's conclusion that 1333 Meadowlark Lane, Suite #207, Kansas city, KS 66102 was vacant on or after December 12, 2007 does not establish that Shannon M. Schiavo perjured herself when she wrote that the petitioner had a location there on May 18, 2004, particularly in light of the landlord's corroboration that Orionsoft actually maintained an active office at that location in 2007, and abandoned it with evidence of prior activity in 2008;

b. 20 C.F.R. § 656.30(d) is ultra vires.

35. Nevertheless, on January 4, 2017, the USCIS issued a decision invalidating Orionsoft's labor certification upon behalf of Mr. Hulikere Shivaprakash and revoking its petitions largely for the reasons set forth in the NOIR.

## CAUSES OF ACTION

I. THE USCIS' INVALIDATION OF ORIONSOFT'S LABOR CERTIFICATION WAS ARBITRARY AND CAPRICIOUS BECAUSE THE RECORD CONTAINS

NO EVIDENCE THAT IT INVOLVED FRAUD OR WILLFUL MISREPRESENTATION OF A MATERIAL FACT

36. The USCIS invalidated Orionsoft's labor certification upon Mr. Hulikere Shivaprakash's behalf under 20 C.F.R. § 656.30(d) because it claimed that Shannon M. Schiavo made a fraudulent or willful misrepresentation of a material fact when she stated on May 18, 2004 that Orionsoft was offering Mr. Hulikere Shivaprakash employment at 1333 Meadowlark Lane, Suite #207, Kansas City, KS 66102.

37. The record contains no evidence that this statement was fraudulent or even a misrepresentation, much less a willful one.

38. The mere fact that a government investigator failed to find business activity at that address on December 12, 2007 is no evidence of whether Orionsoft intended to employ Mr. Hulikere Shivaprakash at that location on May 18, 2004, over 3 1/2 years before.

39. A decision which is unsupported by substantial evidence is arbitrary and capricious. *Association of Data Processing Serv. Orgs. v. Board of Governors*, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J)

**WHEREFORE** this Court should hold unlawful and set aside the USCIS' purported invalidation of Orionsoft's labor certification upon behalf of Mr. Hulikere Shivaprakash under 5 U.S.C. § 706(2) on the grounds that it is arbitrary and capricious.

    II.    THE USCIS' INVALIDATION OF ORIONSOFT'S LABOR CERTIFICATION WAS NOT IN ACCORDANCE WITH LAW BECAUSE 20 CFR 656.30(d) IS AN ULTRA VIRES ATTEMPT BY THE SECRETARY OF LABOR TO DELEGATE FINAL AUTHORITY OVER THE VALIDITY OF LABOR CERTIFICATIONS TO ANOTHER AGENCY

40. 8 U.S.C. § 1182(a)(5)(A)(i) provides that:

> -Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that--
>
> **(I)** there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a

visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

**(II)** the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

41. This section provides no authority to the USCIS or any other agency or officer (other than the Department of Labor or the Secretary Labor or to approve or invalidate certifications under Section 212(a)(5)(A)(i) of the Act except the Secretary of Labor. Nor can it be considered a reasonable interpretation of this statute for the Secretary of Labor to be able to delegate his authority to an entity or individual not under his control, and allow such an entity or individual to countermand the decision which Congress allowed his alone to make. *See United States Telecom Ass'n v. FCC*, 359 F.3d 554, 565-66 (D.C. Cir. 2004) ("subdelegations to outside parties are assumed to be improper absent an affirmative showing of congressional authorization."); *G.H. Daniels III & Assocs. v. Perez*, 626 F. App'x 205, 209-12 (10th Cir. 2015) (DHS regulations delegating to DOL the power to block the issuance of H-2B petitions by refusing temporary labor certifications are ultra vires in the absence of any express Congressional authorization, even though the statue provides for DHS "consultation" with DOL on H-2B petitions).

42. Here § 656.30(d) is *ultra vires* for the very same reason DHS H-2B regulations were unauthorized. However, here, unlike in *Perez*, there is not even the requirement of "consultation" between the DOL and the DHS on the issuance of labor certification - sole authority is vested in the Secretary of Labor alone. Further, the Secretary of Labor has no means of overturning a DHS invalidation of his own certification. Therefore this rule runs directly afoul of the holding of *U.S. Telecom*: "[A] federal agency may turn to an outside entity for advice and policy recommendations, provided the agency makes the final decisions itself." Here if the USCIS is allowed to invalidate this certification it, and not the Secretary of Labor, will be making the final decision as to whether the certification should be issued. *Id.* at 568. *See also Fund for Animals v. Kempthorne*, 538 F.3d 124, 133 (2d Cir. 2008) ( an agency abdicates its final reviewing authority

if all it reserves for itself is "the extreme remedy of totally terminating the [delegation agreement],"). Here the DOL has not reserved any remedy at all for overcoming a USCIS invalidation of this labor certification. Even if it adopted the even more extreme remedy of repealing § 656.30(d), that still would not be sufficient to revalidate any labor certification the USCIS had already invalidated.

**WHEREFORE** the invalidation of Orionsoft's labor certification upon behalf of Mr. Hulikere Shivprakash under 20 C.F.R. § 656.30(d) should be held unlawful and set aside because it was not in accordance with law.

## COUNT III

## DECLARATORY JUDGMENT

43. Mr. Hulikere Shivaprakash asks this Court to declare the rights and other legal relations of himself and the USCIS.

44. Specifically, he asks that this Court declare that the priority date of the I-140 filed upon his behalf under 8 U.S.C. § 1153(b)(2) by Orionsoft accords the priority date of that petition to the I-140 filed upon his behalf by AIG or any other I-140 subsequently filed and approved upon his behalf.

45. For this determination Mr. Hulikere Shivaprakash relies upon 8 C.F.R. § 204.5(e) as it existed on January 4, 2017 (the date AIG's Form I-140 was approved upon his behalf) and the Adjudicator's Field Manual, which provided on that date that:

> Determining the Priority Date. In general, if a petition is supported by an individual labor certification issued by DOL, the priority date is the earliest date upon which the labor certification application was filed with DOL. In those cases where the alien's priority date is established by the filing of the labor certification, once the alien's Form I-140 petition has been approved, the alien beneficiary retains his or his priority date as established by the filing of the labor certification for any future Form I-140 petitions, unless the previously approved Form I-140 petition has been revoked because of fraud or willful misrepresentation. This includes cases where a change of employer has occurred; however, the new employer must obtain a new labor certification if the classification requested requires a labor certification (see the section on successor in interest).

AFM 22.2(d)(1) (January 4, 2017) 1.

**WHEREFORE**, inasmuch as, as set forth above, Orionsoft's I-140 upon behalf of Mr. Hulikere Shivaprakash was never properly revoked for fraud or willful misrepresentation, therefore this Court should declare the priority date of AIG's Form I-140's upon his behalf to be May 26, 2004.

Respectfully Submitted this 12th day of October, 2020.

s/*Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiff
225 Broadway 3rd Floor
New York, NY 10007
Ph: 646-845-9895
Fax: 206-770-6350
Michaelpiston4@gmail.com

---

1 "Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material. .... Examples of policy materials are: ... Field and Administrative Manuals." AFM 3.4 (January 4, 2017).